ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **JULIA FELIZ BARRERA**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**CARLOS ZAPATA QUINTERO**<br>**H/N/C KING**<br>**CONSTRUCTION & ALL**<br>**REPAIR**<br>DEMANDADA(S)-APELADA(S) | **TA2026AP00259** | *APELACIÓN*<br>procedente del Tribunal<br>de Primera Instancia, Sala<br>Superior de **ARECIBO**<br><br>Caso Núm.<br>**AR2026CV00321** (404)<br><br>Sobre:<br>Interdicto; Daños y<br>Reclamación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, hoy día 29 de junio de 2026.

Comparece ante este Tribunal de Apelaciones, la señora **JULIA FELIZ BARRERA** (señora **FELIZ BARRERA**) mediante *Recurso de Apelación* instado el 10 de marzo de 2026 y su *Solicitud para Declaración de Indigencia*. En su recurso, nos solicita que revisemos la *Sentencia* decretada el 24 de febrero de 2026 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo.[1] Mediante la referida decisión, se desestimó la *Demanda* entablada el 20 de febrero de 2026 por la señora **FELIZ BARRERA** ello por falta de jurisdicción adecuada y eficiente.

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede prescindir de términos no jurisdiccionales y escritos, con el propósito de lograr su más justo y eficiente

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 24 de febrero de 2026. Entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

despacho.[2] En consideración a lo anterior, procedemos a disponer sin requerir ulterior trámite.

- I -

El día 20 enero de 2025, la señora FELIZ BARRERA mediante *Querella* acudió ante el DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACo).[3] Más tarde, el 25 de marzo de 2025, **DACo** realizó un *Informe de Inspección Construcción*.[4]

Posteriormente, el 29 de octubre de 2025, la señora FELIZ BARRERA incoó una *Demanda Civil por Incumplimiento de Contrato, Negligencia Profesional y Daños* ante el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo.[5] Alegó que el 13 de septiembre de 2024, suscribió un contrato con el señor CARLOS ZAPATA QUINTERO H/N/C KING CONSTRUCTION & ALL REPAIR (señor ZAPATA QUINTERO) para la demolición de un techo de madera y la construcción de dos (2) techos nuevos de cemento. Expuso que se incumplió con el contrato y se realizó una construcción defectuosa, peligrosa y fuera de código con graves consecuencias estructurales, eléctricas y sanitarias. Manifestó que la estructura presenta múltiples fallas, entre ellas: filtraciones constantes de agua; grietas en el concreto; crecimiento de moho negro; cortocircuitos e incendios parciales en cablería; desplazamientos de losas exteriores; pudrición de marcos y grietas estructurales.

El 30 de octubre de 2025, en el caso AR2025CV02180, se expidió una *Orden* en la cual, entre otros, expresó: "[l]as vistas interlocutorias se llevarán a cabo por videoconferencia. [...] Por la complejidad del caso el tribunal exhorta y sugiere la contratación de representación legal".[6] Después, el 20 de

---

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 15-16, 216 DPR ____ (2025).
[3] Se le asignó el número ARE-2025-0006793.
[4] Entrada núm. 1, Anejo 6, del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).
[5] Este caso recibió el alfanumérico: AR2025CV02180. La señora FELIZ BARRERA satisfizo los aranceles mediante Sello de Rentas Internas 81990-2025-1029-25526000.
[6] Entrada núm. 4 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

noviembre de 2025, se dictaminó *Orden* pautando una audiencia para el 9 de diciembre de 2025 a las 10:00 de la mañana.[7]

Luego de varios trámites administrativos, el 8 de diciembre de 2025, DACo tramitó su *Resolución* en la cual se ordenó el cierre y archivo de la *Querella* ante la incomparecencia y falta de interés de la señora FELIZ BARRERA.[8] Ese mismo día, la señora FELIZ BARRERA presentó *Reconsideración de Resolución*.

Al día siguiente, el 9 de diciembre de 2025, se celebró la audiencia ante el Tribunal de Primera Instancia. La señora FELIZ BARRERA, bajo juramento, afirmó tener un caso activo ante DACo contra CARLOS ZAPATA QUINTERO H/N/C KING CONSTRUCTION & ALL REPAIR; estar en término para reconsiderar y apelar la determinación; así como haber presentado una reconsideración y aún no haber recibido resultado. El 15 de diciembre de 2025, en el caso AR2025CV02180 consolidado con el AR2025CV02444, se dictó *Sentencia* desestimando la *Demanda Civil por Incumplimiento de Contrato, Negligencia Profesional y Daños*, así como la solicitud de *Mandamus*.[9]

El 19 de diciembre de 2025, DACo decretó una *Resolución en Reconsideración* declarando no ha lugar la petitoria de reconsideración.[10] Así, el 7 de enero de 2026, la señora FELIZ BARRERA promovió una *Petición de Certiorari* ante este Tribunal de Apelaciones.[11]

En consecuencia, el 20 de febrero de 2026, la señora FELIZ BARRERA encausó su *Demanda Civil por Incumplimiento de Contrato, Negligencia Profesional y Daños*.[12] Al poco tiempo, el 24 de febrero de 2026, se pronunció

---

[7] Entrada núm. 19 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[8] Entrada núm. 25 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[9] Entrada núm. 26 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[10] Entrada núm. 31, Anejo B, del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). Como Anejo C, se incluyó copia de la *Sentencia* decidida el 19 de diciembre de 2025, en el caso TA2025RA00390, que desestimó por academicidad toda vez que DACo adjudicó la controversia del caso ARE-2025-0006793.

[11] Este caso recibió el alfanumérico: TA2026AP00076. El 11 de febrero de 2026, se dictó *Sentencia* confirmando la *Sentencia* de los casos AR2025CV02180 consolidado con el AR2025CV02444.

[12] Este caso recibió el alfanumérico: AR2026CV00321. Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

la *Sentencia* apelada. En desacuerdo, el 3 de marzo de 2026, la señora FELIZ BARRERA presentó una *Moción de Reconsideración de Sentencia*.[13] En la misma fecha, mediante *Orden* se declaró no ha lugar el petitorio de reconsideración y se reiteró en la determinación concretada el 24 de febrero de 2026.[14]

Insatisfecha, el 10 de marzo de 2026, la señora FELIZ BARRERA recurrió mediante *Recurso de Apelación* ante este foro revisor intermedio señalando el(los) siguiente(s) error(es):

Erró el Tribunal de Primera Instancia al desestimar la demanda por alegada falta de agotamiento de remedios administrativos sin analizar si el procedimiento administrativo ante el Departamento de Asuntos del Consumidor (DACo) había provisto un remedio efectivo, cuando el expediente demuestre que:
- la agencia realizó una inspección técnica y emitió un informe pericial (Anejo3);
- la apelante solicitó adjudicación basada en el expediente administrativo en múltiples ocasiones (Anejo 4);
- el procedimiento administrativo se extendió por meses sin adjudicación en los méritos (Anejo 8); y
- el foro administrativo resultó inefectivo para proveer un remedio dentro de un término razonable (Anejos 4, 5, 6 y 7).

Erró el Tribunal de Primera Instancia al concluir que la controversia debía permanecer exclusivamente en el foro administrativo, cuando la demanda presentada plantea causas de acción civiles independientes dentro de la jurisdicción original del Tribunal, incluyendo:
- negligencia bajo el Artículo 1802 del Código Civil;
- incumplimiento contractual;
- responsabilidad por creación de una condición peligrosa en propiedad residencial; y
- solicitud de remedio interdictal para prevenir daño irreparable (Anejo 2).

El pasado 16 de marzo, intimamos *Resolución* en la cual se declaró no ha lugar la solicitación para litigar como indigente (*in forma pauperis*) y se requirió satisfacer o pagar los aranceles dentro del plazo perentorio de siete (7) días apercibiendo que su inobservancia conllevaría que sus escritos se dieran por no puestos. El 20 de marzo de 2026, la señora FELIZ BARRERA presentó *Moción de Reconsideración de Denegación de Declaración de*

---

[13] Entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).
[14] Entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

*Indigencia.* El 26 de marzo de 2026, resolvimos *Resolución* declarando no ha lugar su petición y precisando que se examinó su *Solicitud para Declaración de Indigencia.* El 31 de marzo de 2026, la señora FELIZ BARRERA presentó *Moción Urgente Solicitando Reconsideración de Denegatoria de Pauperis y se Garantice Acceso Efectivo a la Revisión Judicial.* El día después, 1 de abril de 2026, la señora FELIZ BARRERA presentó *Moción de Reconsideración Adicional sobre Denegatoria de Indigencia, Aplicación Inconsistente, Imposibilidad Procesal y Solicitud de Garantía de Acceso Efectivo a la Revisión Judicial.* El 21 de abril de 2026, decidimos *Resolución* en la cual reiteramos satisfacer o pagar los aranceles dentro del plazo perentorio de siete (7) días aleccionando que su incumplimiento conllevaría la desestimación de su reclamación. Al otro día, el 22 de abril de 2026, la señora FELIZ BARRERA presentó *Moción en Solicitud de Reconsideración de Denegatoria de Pauperis y, en la Alternativa, Solicitud de Extensión de Término para Cumplir con Pago de Aranceles y Provisión de Acomodos Razonables.*

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *LEY DE ARANCELES*

Entre las condiciones dispuestas en nuestro ordenamiento jurídico para perfeccionar cualquier recurso, se halla el pago de los aranceles de presentación. El requisito de pagar estos aranceles y de adherir los sellos de rentas internas a todo escrito judicial procura cubrir los gastos asociados a los trámites judiciales.[15]

La *Ley para Establecer como Política Pública la Adopción de Medios Electrónicos para el Pago de Derechos y Cargos en el Tribunal General de Justicia,* conocida como la Ley Núm. 47 de 30 de julio de 2009, según

---

[15] *M-Care Compounding et al. Depto. Salud,* 186 DPR 159, 174 (2012); *Gran Vista I, Inc. v. Gutiérrez,* 170 DPR 174, 188 (2007).

enmendada, instauró una nueva estructura de pago de los derechos en la presentación de las causas civiles basada en un pago único; los derechos correspondientes a los servicios que se prestan por el Tribunal General de Justicia; y adoptó medios electrónicos para el pago de dichos derechos y cargos.

En este contexto, el *Código de Enjuiciamiento Civil* puntualiza: "[l]a Rama Judicial adoptará un sistema de pago único en la primera comparecencia de cada parte ante el Tribunal de Primera Instancia, ante el Tribunal de Apelaciones y ante el Tribunal Supremo por concepto de derechos de presentación".[16] Ahora bien, el *Código de Enjuiciamiento Civil* especifica que: "[t]odos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dicho pago esté debidamente evidenciado, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue".[17]

Por otro lado, la sección 1482 del *Código de Enjuiciamiento Civil*, sobre *Personas que no pueden pagar derechos; documentos exentos de derechos,* instituye:

> [c]ualquier persona de Puerto Rico que desee entablar una acción civil o recurso y no pudiere pagar los derechos establecidos por el Tribunal Supremo o los derechos de suspensión requeridos por las secs. 1476 a 1482 de este título, podrá presentar al(a la) Secretario(a) del Tribunal una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, junto con una copia de la demanda que se propone deducir. El(la) Secretario(a) someterá dicha declaración jurada y la referida demanda o recurso al(a la) Juez(a) del tribunal, según sea el caso, y si dicho(a) Juez(a) juzgare suficiente en derecho la demanda y estimare probada la incapacidad para satisfacer los derechos requeridos por las secs. 1476 a 1482 de este título, permitirá que se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos(as) los(as) funcionarios(as) del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos.

---

[16] 32 LPRA § 1476.
[17] 32 LPRA § 1481.

De este modo, la Regla 78 de nuestro *Reglamento*, sobre *Solicitud para litigar in forma pauperis*, implanta:

> [c]ualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, presentará ante el Tribunal de Apelaciones una declaración, la cual certificará como correcta so pena de perjurio, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por estos, su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso. Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para esto. El Tribunal de Apelaciones podrá preparar formularios para facilitar la comparecencia efectiva de apelantes o recurrentes *in forma pauperis*".[18]

En consecuencia, aquella persona que tenga una reclamación meritoria y por su condición económica esté impedida de sufragar los aranceles, deberá cumplimentar la *Solicitud para Declaración de Indigencia* [Formulario OAT 1480 Rev. Septiembre 2025]. El tribunal deberá evaluar tanto la condición económica como los méritos de la causa de acción; y en su discreción determinará si procede o no conceder el privilegio de litigar *in forma pauperis*.[19]

– III –

En este caso, la señora **FELIZ BARRERA** recurre de la *Sentencia* concluida el 24 de febrero de 2026 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. Al día de hoy, pese a la concesión de aplazamientos, la señora **FELIZ BARRERA no** ha satisfecho los aranceles de presentación.

Colegimos, habiendo evaluado concienzudamente la *Solicitud para Declaración de Indigencia*, que la señora **FELIZ BARRERA**, si bien vive modestamente, puede pagar las costas de este litigio; por lo que, no tiene

---

[18] Véase la Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 110, 216 DPR ____ (2025). La Regla 18, sobre solicitud para litigar "*in forma pauperis*" de las *Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico* enuncia: Cualquier parte en un pleito ante el Tribunal de Primera Instancia que de acuerdo con la ley tenga derecho a litigar *in forma pauperis*, podrá presentar ante la sección y sala correspondientes de dicho tribunal una solicitud para litigar en tal forma, junto con una declaración jurada, vaciada en el formulario oficial que estará disponible en la Secretaría del tribunal, en la que se afirme: (1) la incapacidad de la parte solicitante para pagar los derechos y las costas o para prestar garantía por ellos, y (2) su convencimiento de que tiene derecho a un remedio. El tribunal, en el ejercicio de su discreción, podrá celebrar una vista para la consideración de la solicitud. Si ésta fuese concedida, la parte podrá litigar sin el pago de los derechos y las costas; si fuese denegada, el tribunal expondrá por escrito las razones para la denegatoria.

[19] *Gran Vista I, Inc. v. Gutiérrez, supra*, pág. 193.

derecho a litigar *in forma pauperis*.[20] Aun cuando el tribunal de instancia lo haya autorizado.

Ante su impago, discernimos que su *Recurso de Apelación* incumple de forma crasa con uno de los requisitos reglamentarios indispensables para su perfeccionamiento. Esta inobservancia nos priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). En consecuencia, procede la *desestimación* del recurso por carecer de *jurisdicción*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por carecer de *jurisdicción,* el *Recurso de Apelación* interpuesto el 10 de marzo de 2026 por la señora JULIA FELIZ BARRERA; y ordenamos el cierre y archivo del presente caso.[21]

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Santiago Calderón emite voto particular concurrente.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] Dicho documento contiene una lista detallada de sus ingresos, sus gastos; y sus bienes: posee una propiedad inmueble y un vehículo de motor adquirido durante el año 2025.

[21] Véase la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR ____ (2025). La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JULIA FELIZ BARRERA<br><br>Apelante<br><br>v.<br><br>CARLOS ZAPATA QUINTERO<br>H/N/C<br>KING CONSTRUCTION &<br>ALL REPAIR<br><br>Apelada | TA2026AP00259 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. AR2026CV00321 (404)<br><br>Sobre: Interdicto; Daños y Reclamación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

**VOTO PARTICULAR CONCURRENTE
DE LA JUEZA SANTIAGO CALDERÓN**

En San Juan, Puerto Rico, a _29_ de junio de 2026.

En este caso, la señora Feliz Barrera o apelante, recurre de la Sentencia emitida el 24 de febrero de 2026 por el TPI. No obstante, antes de revisar la Sentencia apelada, nos corresponde determinar si este foro intermedio tiene jurisdicción para atender la controversia ante nuestra consideración.

Según surge del tracto procesal apelativo, el mismo día de la presentación del recurso, el 10 de marzo de 2026, la apelante presentó *Solicitud para Declaración de Indigencia.* El 17 de marzo de 2026, emitimos *Resolución,* en la cual declaramos No Ha Lugar a la *Solicitud para Declaración de Indigencia.* El 20 de marzo de 2026, la señora Feliz Barrera presentó *Moción de Reconsideración de Denegación de Declaración de Indigencia* y, el 26 de marzo de 2026, este foro declaró No Ha Lugar la solicitud de reconsideración presentada. Un día después, el 27 de marzo de 2026, la Secretaria de este Tribunal de Apelaciones envío a la señora Feliz Barrera *Notificación de Deficiencia de Arancel.*

Así las cosas, el 31 de marzo de 2026, la apelante presentó *Moción Urgente Solicitando Reconsideración de Denegatoria de Pauperis y se Garantice Acceso Efectivo a la Revisión Judicial* y, el 1 de abril del año en curso, la señora Feliz Barrera presentó *Moción de Reconsideración Adicional Sobre Denegatoria de Indigencia, Aplicación Inconsistente, Imposibilidad Procesal y Solicitud de Garantía de Acceso Efectivo a la Revisión Judicial*, además presentó *Moción Solicitando Aclaración de Fundamentos de Denegatoria de Indigencia.*

El 20 de abril de 2026[1], esta Curia emitió *Resolución* y procedió a declarar No Ha Lugar las mociones previamente mencionadas e instruyó a la apelante de la siguiente manera:

**Se le impone a JULIA FELIZ BARRERA satisfacer o pagar los aranceles en la Secretaria del Tribunal de Apelaciones dentro del plazo perentorio de siete (7) días y acreditar por escrito. Si no cumple con dicha obligación, se procederá a desestimar su reclamación.**

El 22 de abril de 2026, nuevamente la señora Feliz Barrera presentó *Moción en Solicitud de Reconsideración de Denegatoria de Pauperis y, en la Alternativa, Solicitud de Extensión de Término para Cumplir con Pago de Aranceles y Provisión de Acomodos Razonables.*

Apuntalamos que, el foro primario emitió una orden en la que declaró ha lugar la solicitud de litigación *in forma pauperis* presentada por la apelante y eximió a dicha parte del pago del arancel. Sin embargo, esta determinación del TPI no obliga a este Tribunal Intermedio a acogerla. Este foro, tras haber evaluado concienzudamente la *Solicitud para Declaración de Indigencia*, concluyó que no procedía autorizar la Declaración de Indigencia.

En vista de que la señora Feliz Barrera no obtuvo el permiso para litigar ante este Foro *in forma pauperis*, debió satisfacer, según ordenado, los correspondientes sellos de rentas internas, para así

---

[1] Notificada el 21 de abril de 2026.

cumplir con las Resoluciones emitidas por este panel y con la notificación cursada por la Secretaria.

Cabe destacar que, el incumplimiento con el pago del arancel impidió el perfeccionamiento del recurso apelativo. Fíjese que las "Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos", 2021 sección XVII de las Directrices Administrativas, establece que:

> Ningún documento que requiera el pago de derechos arancelarios se entenderá presentado oficialmente en el Tribunal, hasta tanto se paguen los aranceles correspondientes, de así ser requerido por ley.

Indudablemente, lo anterior impide que este recurso quede debidamente perfeccionado conforme las disposiciones legales anteriormente enunciadas y, aun cuando se le concedió término extendido a la apelante para cumplir con el pago del arancel, su inobservancia nos privó de jurisdicción, por consiguiente, este Tribunal Intermedio carece de la autoridad para considerar los méritos del recurso.

Cónsono con lo antes esbozado, concurro con la decisión emitida por la mayoría del Panel.

Grisel M. Santiago Calderón
Jueza de Apelaciones